**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JACKIE THOMAS TARWATER, #257406 | § § § | |
| VS. | § § § | CIVIL ACTION NO. 4:26cv276 |
| DENTON COUNTY, TEXAS, ET AL. | § § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Jackie Thomas Tarwater filed correspondence (Dkt. #7) asking this court to "step in" to allow him access to the law library at the Denton County Jail. (Dkt. #7). The court construes the correspondence as a petition for a writ of mandamus under 28 U.S.C. § 1361 against the Denton County Jail. This action was assigned to the undersigned United States Magistrate Judge in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. (Dkt. ##4, 5). Plaintiff consented to have a magistrate judge conduct all proceedings. (Dkt. #8).

Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency. *See generally Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (holding that federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is

1

the only relief sought). That means Plaintiff's request for mandamus relief against a county actor or agency cannot be granted. His petition may therefore be dismissed as frivolous. *See Shirley v. Starkey*, No. 610CV364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) (dismissing a petition for a writ of mandamus that sought an order from the district court directing a sheriff's department to make available and execute certain legal materials and supplies), *report and recommendation adopted*, No. 610CV364, 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), *aff'd*, 427 F. App'x 305 (5th Cir. 2011).

It is accordingly **ORDERED** that Plaintiff's construed petition for a writ of mandamus (Dkt. #7) is **DISMISSED** as frivolous with prejudice as to its refiling in federal court, but without prejudice as to Plaintiff's right to seek mandamus relief from the courts of the State of Texas.

**SIGNED this 16th day of April, 2026.**


_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

2